JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-02731-JHN-SHx | Date | June 14, 2010 |
|---|---|---|---|
| Title | Ned J. Vento v. William Glenn Story, Jr., et al. | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** ORDER REMANDING CASE TO STATE COURT (In Chambers)

On February 4, 2010, Plaintiff Ned J. Vento ("Plaintiff") filed this action in state court. On April 14, 2010, Defendant Poole's Inc. ("Defendant Poole") removed this action to federal court on the basis of diversity jurisdiction.[1] However, for the reasons herein, removal was improper.

I. LEGAL STANDARD

Under 28 U.S.C. § 1441, the Court has removal jurisdiction over civil actions where, pursuant to 28 U.S.C. § 1332(a), there is complete diversity of citizenship and the matter in controversy exceeds the sum or value of $75,000.

There is a strong presumption against removal jurisdiction. *See Or. Bureau of Labor & Indus. Ex Rel Richardson v. U.S. West Communs., Inc.*, 288 F.3d 414, 417 (9th Cir. 2002) (stating that federal courts "strictly construe a removal statute against removal jurisdiction"). The removing defendant must show, by a preponderance of the evidence, that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). The preponderance of the evidence standard requires the removing defendant to provide evidence establishing that "it is 'more likely than not' that the amount in controversy" is satisfied for diversity purposes. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (citation omitted). To make this determination, the court should consider, in addition to the complaint itself, "facts presented in the removal petition as well as any summary judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal quotations and citation omitted); *see Muniz v. Pilot Travel Ctrs. LLC*, No. CIV. S-07-0325 FCD EFB, 2007 U.S. Dist. WL 1302504, at *5 (E.D. Cal. May 1, 2007).

---

[1] The Court notes that removal did not appear to be timely, although the Court does not rely on the untimeliness of the removal as a basis for remanding this case.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-02731-JHN-SHx | Date | June 14, 2010 |
|---|---|---|---|
| Title | Ned J. Vento v. William Glenn Story, Jr., et al. | | |

II. DISCUSSION

Here, Defendant Poole fails to establish removal jurisdiction by a preponderance of the evidence.  First, in the Complaint, Plaintiff does not specify an amount in controversy, nor does he specify the cost of any medical bills.  In its Notice of Removal, Defendant Poole supports its claim that the amount in controversy exceeds $75,000 simply by alleging that "the amount of medical bills alleged to date exceed $215.000.00 [sic] and are continuing."  (Notice of Removal ¶ 4.)  The record provides no further evidence, such as affidavits or declarations, supporting this allegation.  Accordingly, Defendant Poole has not met its burden to establish the amount in controversy by a preponderance of the evidence.

Second, Defendant Poole has not established complete diversity of citizenship.  *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1066 (9th Cir. 2001).  In its Notice of Removal, Defendant Poole alleges that Plaintiff was a citizen of California (Notice of Removal ¶ 5) and that Defendant William Glenn Story, Jr. ("Defendant Story") was a *resident* of Georgia (*id.* at ¶ 6).  There are no allegations in the Complaint or Notice of Removal that Defendant Story was a *citizen* of Georgia.  In addition, it is possible Defendant Poole, like Plaintiff, may be a citizen of California due to the Complaint's allegation that Defendant Poole does business in California.  (Compl. ¶ 7.)  Yet, the Notice of Removal fails to allege Defendant Poole's principal place of business so as to negate any concerns that Defendant Poole is a California citizen.  For these reasons, the allegations as to diversity are insufficient to establish removal jurisdiction.

III. CONCLUSION

**For these reasons, the Court remands this case to the Superior Court of the State of California for the County of Los Angeles.**

IT IS SO ORDERED.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |